UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-00541-MCS-RAO** | Date | April 29, 2026 |
| Title | ***Kaplan v. Bessent*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE**

Plaintiff Charles Kaplan, a self-represented litigant, brings this action for trespass and case against federal and state tax authorities. (*See generally* FAC, ECF No. 28.) The sole remaining defendants are Scott Bessent, Commissioner of the Internal Revenue Service ("IRS"), and Mr. Larochelle, an IRS agent. (*See* Order 4, ECF No. 52 (dismissing claims against other defendants).) Both were named as parties in the original complaint, which was filed over 90 days ago. (Compl. ¶¶ 7–8, ECF No. 1.) The Court noted in a prior order "that service of officers or employees of the United States is governed by particular service rules, Fed. R. Civ. P. 4(i), and that a defendant generally must be served within 90 days after the complaint is filed, *id.* R. 4(m)." (Order 4.)

Federal Rule of Civil Procedure 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, courts have authority to dismiss an action without prejudice after giving notice to the plaintiff. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring notice before dismissal). If a plaintiff shows good cause for the failure to serve the complaint within that period, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m).

| | | |
|---|---|---|
| Page 1 of 2 | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk SMO |

Here, Plaintiff's proofs of service demonstrate ineffective service. Plaintiff's server purportedly attempted to serve Messrs. Bessent and Larochelle by substituted service, but the server only mailed the summons, complaint, and other case-initiating documents to the United States Attorney for the Central District of California and the Attorney General in Washington, D.C., with either a return receipt requested or an acknowledgment of receipt form. (Bessent Proof of Service 1–3, ECF No. 17; Larochelle Proof of Service 1–3, ECF No. 20.) The proofs of service use POS-010 forms designed to prove service compliant with California law. (*See id.*) In federal court, service of an officer or employee of the United States cannot be completed through substituted service under California law. Fed. R. Civ. P. 4(i)(2) (governing service of officers or employees of the United States sued in an official capacity);[1] *cf. id.* R. 4(e) (authorizing service of individuals "following state law" "[u]nless federal law provides otherwise"). The proofs of service do not indicate the server mailed the summons and complaint to either the United States Attorney or the Attorney General by registered or certified mail, as Rule 4(i)(1)(A)(ii) and (B) require. (*See* Bessent Proof of Service 1–2; Larochelle Proof of Service 1–2.) Nor do they demonstrate the server also sent a copy of the summons and complaint to Messrs. Bessent and Larochelle, as Rule 4(i)(2) requires. (*See id.*)

Good cause to extend the deadline to complete service is apparently lacking, as the Court warned Plaintiff before the deadline of the special rules pertaining to service of officers or employees of the United States. (Order 4.) Assuming the server did not mail the summons and complaint to the United States Attorney or the Attorney General by registered or certified mail, the Court is not obliged to extend the service period. *See* Fed. R. Civ. P. 4(i)(4)(A).

The Court orders Plaintiff to show cause why the claims against the remaining defendants should not be dismissed for failure to timely complete service. Plaintiff shall file a written response within 14 days of entry of this Order. Failure to file a timely and satisfactory response will result in dismissal without further warning.

**IT IS SO ORDERED.**

---

[1] The Court infers that Plaintiff intended to sue all individual defendants in their official capacities, as Plaintiff identified Messrs. Bessent and Larochelle in his pleading by their positions at the IRS, (FAC ¶¶ 9–10 (identifying Messrs. Bessent and Larochelle by their positions at the IRS)), and conceded at the hearing on the California Franchise Tax Board's motion to dismiss that he sued a state employee in her official capacity.