UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-00541-MCS-RAO** | Date | August 18, 2026 |
| Title | ***Kaplan v. Bessent*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 67)**

Plaintiff Charles Kaplan, a self-represented litigant, brings this action against federal and state tax authorities. (FAC, ECF No. 28.) The Court previously dismissed the claims against the state defendants. (Order, ECF No. 52.) The United States of America, on behalf of itself and the named defendants sued in their official federal capacities, Mr. Larochelle and Scott Bessent,[1] moves to dismiss the claims against the federal defendants. (Mot., ECF No. 67.) Plaintiff filed a brief opposing the motion, (Opp'n, ECF No. 68), and the United States filed a reply, (ECF No. 69).[2] The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

[1] Mr. Bessent was Acting Commissioner of the IRS, but his service in that capacity ended in March 2026. *Update on IRS Commissioner Position*, Internal Revenue Serv. (Mar. 13, 2026), https://www.irs.gov/newsroom/update-on-irs-commissioner-position [https://perma.cc/FK85-9XNX]. This development is immaterial to the disposition of this Order.

[2] The Court considers the parties' briefs on the merits despite myriad procedural deficiencies. *E.g.*, C.D. Cal. R. 7-3 (requiring a movant to submit a declaration confirming compliance with the prefiling motion requirement); (Initial Standing Order § 9(b), ECF No. 7 (setting briefing deadlines departing from the local rules)).

## I. BACKGROUND

According to the operative complaint, Plaintiff receives compensation from nonparty Entertainment Partners, LLC, for creating digital artwork, but he is not personally involved in commerce. (FAC ¶ 4.) As relevant to the federal defendants, Plaintiff claims the Internal Revenue Service ("IRS") and its officer, Mr. Larochelle, are wrongfully retaining Plaintiff's compensation from Entertainment Partners. (*Id.* ¶¶ 3, 10.) Plaintiff demanded return of that compensation, and although the IRS adjusted his account and returned some money for some tax years, it purportedly failed to return all Plaintiff is owed. (*Id.* ¶¶ 5–6, 15.) Further, in November 2025, Mr. Larochelle sent five letters to Plaintiff concerning tax years 2018–2022 warning of penalties if Plaintiff failed to correct his returns. (*Id.* ¶ 18; *see* FAC Ex. I.) Plaintiff asserts a claim for trespass against Mr. Larochelle, (FAC ¶ 30), and claims for trespass and case against the IRS (although Mr. Bessent, not the IRS, is named as a defendant), (*id.* ¶¶ 26, 32).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1), which is the only rule relevant to the disposition here, authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as here, a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). The proponent of jurisdiction bears the burden of establishing subject-matter jurisdiction exists. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## III. DISCUSSION

The United States first argues that only the United States, not the named defendants Messrs. Larochelle and Bessent, is an appropriate defendant to this lawsuit. (Mot. 1.) The Court agrees. Plaintiff identifies Messrs. Larochelle and Bessent as defendants by reference to their capacity as officers of the IRS. (FAC ¶¶ 9–10.) "[A] suit against IRS employees in their official capacity is essentially a

suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Notably, Plaintiff names the IRS rather than Mr. Bessent in his statement of the claims. (FAC ¶¶ 26, 32.) This further evinces that the United States is the proper party to Plaintiff's claims, as not even the IRS can be sued. *See Devries v. IRS*, 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005) ("Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. Congress made no provisions for suits against . . . the IRS . . . . Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant." (citations omitted)).

Plaintiff argues that Messrs. Bessent and Larochelle operated ultra vires, outside their official capacities, in undertaking the conduct alleged in the complaint. (Opp'n 2, 5.) But Plaintiff pleaded no allegations in his complaint to support that assertion. And even if Plaintiff had pleaded something to the effect that the IRS officers "ignore[d] the laws," (*id.* at 5), he would not raise an inference that their conduct related to tax collection, even if wrongful, was unconstitutional or otherwise exceeded the scope of their roles as federal officers, *see Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) ("[W]e have never recognized a constitutional violation arising from the collection of taxes."); *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993) ("An official does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision. Rather, the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in her official capacity at the time of decision.").

The Court also credits the United States' argument that it—and, by extension, Messrs. Larochelle and Bessent—has sovereign immunity from this lawsuit. (Mot. 2–4.) "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. DOJ*, 327 F.3d 903, 907 (9th Cir. 2003). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). The party suing the United States bears the burden to demonstrate an unequivocal waiver of immunity. *Id.*

Plaintiff offers no cogent factual allegations or legal arguments indicating the United States waived sovereign immunity from suits like this one. (*See* Opp'n 5–6 (relying on irrelevant California law and broad constitutional propositions divorced from the immunity issue at bar).) Indeed, the Federal Tort Claims Act, which waives immunity for some tort claims against the United States, *see Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011), expressly excludes from its scope "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty" (with limited exceptions to the exclusion not relevant here), 28 U.S.C. § 2680(c). This raises an inference that the United States is immune as a matter of law from tort claims like the ones asserted here, where an individual seeks to recover from federal tax authorities monetary compensation retained by the United States under the auspices of the tax code. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir.) ("We have 'broadly construed' § 2680(c) to encompass actions taken during the scope of the IRS's tax assessment and collection efforts." (quoting *Wright v. United States*, 719 F.2d 1032, 1035 (9th Cir. 1983))), *amended by*, 868 F.3d 1048 (9th Cir. 2017); (*see also, e.g.*, FAC Ex. I, at 40 ("Based on Internal Revenue Code Section 6702, Frivolous Tax Submissions, we determined the information you filed as a purported tax return, on Aug. 19, 2021 is frivolous and there is no basis in the law for your position.")).

For these reasons, the claims against Messrs. Larochelle and Bessent are dismissed.[3] Leave to amend a dismissed complaint should be freely granted unless the complaint clearly could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Here, "amendment would be legally futile in light of the government's sovereign immunity." *Halgat v. United States*, No. 24-2771, 2025 U.S. App. LEXIS 22058, at *4 (9th Cir. Aug. 27, 2025) (affirming dismissal without leave to amend). The Court denies Plaintiff leave to amend.

## IV. CONCLUSION

The Court grants the motion and dismisses the claims against Messrs. Larochelle and Bessent without leave to amend. As all claims against all named parties have been dismissed without leave to amend, the Court concurrently enters a judgment.

**IT IS SO ORDERED.**

[3] The Court does not reach the United States' other arguments for dismissal.